*Furstenau v. City of Naperville, et al.*
Case No.:  07-CV-6143
Our File No.: 2044

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD R. FURSTENAU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07-CV-6143 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | Magistrate Judge Brown |
| CITY OF NAPERVILLE, a municipal | ) | |
| Corporation; MICHAEL HULL, in his | ) | |
| individual and official capacity; DAVID | ) | JURY TRIAL DEMANDED |
| DIAL, in his official and individual | ) | |
| capacity; and MICHAEL CROSS, in his | ) | |
| individual and official capacity; PETER | ) | |
| BURCHARD, in his official and individual | ) | |
| capacity; MARGO ELY, in her individual | ) | |
| and official capacity, and JOE | ) | |
| MATCHETT, in his individual and official | ) | |
| capacity. | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action, by and

through their respective counsel, have represented to the Court and the Court finds:

A.    The parties anticipate the need for discovery involving the production and

disclosure of documents, data and other materials and information, and the taking of testimony

by oral deposition; and

B.    The parties recognize that some of the information that may be discovered in this

litigation may contain sensitive information of a non-public nature which should not be generally

available to the public.  The designation of information as "Confidential" does not create any

presumption for or against that treatment.

C.    Certain information to be obtained pursuant to subpoena may also contain

Criminal History information for non-party adults or juveniles which require special protection

against unlawful dissemination to persons not associated with this litigation, in order to protect

the privacy of those persons.

D.    Accordingly, the Court finding good cause for the entry of this Protective Order,

IT IS ORDERED THAT:

1.    When used in this Order, the word "document" or "documents" means all written,

recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including, but

not limited to, documents produced by any party or non-party in this action whether pursuant to

Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and

exhibits and any portion of any court papers which quote from or summarize any of the

foregoing.

2.    The word "party" or "parties" as used in this Order means the parties to this

action, their attorneys, and the attorneys' confidential staff.

3.    The word "counsel" as used in this Order means the attorney or attorneys

appearing for any party to this action; other attorneys of the firm or office with which those

attorneys are associated; confidential employees of such attorneys (such as secretaries and

paralegals); and independent contractors, such as investigators retained by counsel in connection

with preparation for and trial of this litigation, but not including testifying or consulting experts.

4.    As used in this Order, the term "discovering party" means the party obtaining any

document or documents as described in paragraph 1; the term "responding party" or "producing

party" means the party producing any document or documents as described in paragraph 1.

5.      This Order governs all future discovery material designated by a party as "Confidential" related to this matter, including all copies, excerpts, or notes thereof, whether produced by the parties or by non-parties.  All Confidential discovery material shall be used only for purposes of preparation for trial or trial of this cause and not for any other litigation or business purpose and shall be disclosed only in accordance with the terms of this Order.

6.      All future documents designated by a producing party as Confidential may be examined and otherwise used solely by counsel to this action, only for the purposes of this litigation, and for no other purposes.  Counsel in this action shall not disclose documents, and shall not disclose any information contained or reflected in the documents, designated as Confidential except to the following persons:

(a)      the parties to this litigation as may be needed to prosecute or defend this action;

(b)      counsel for the parties to this litigation;

(c)      experts retained to furnish technical or expert services specifically for this litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

(d)      deponents during the course of their depositions, to the extent reasonably necessary to obtain relevant information from the deponent, provided that to the extent that portions of the transcript of any deposition or the exhibits thereto incorporate the Confidential Matter, such transcript portions and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Matter.

7.      Before disclosing Confidential documents and/or any information contained or reflected in the Confidential documents to any persons enumerated in paragraph 6(a) through (d) above, counsel in this action must first inform each such person that the documents containing

3

Confidential information to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. In addition, the disclosing counsel is responsible for maintaining a written acknowledgment, if practicable, that the persons enumerated in paragraph 6(a) through (d) above, who receive Confidential material, have been informed of the provisions of this Protective Order. This paragraph shall not apply to any deponent or party deponent being presented for deposition by counsel for the producing party.

8.      A third party who produces documents in the litigation, whether pursuant to subpoena or otherwise, may avail itself of this Protective Order. In addition, in the event that the third party produces documents without prior inspection by the parties, any party, within ten (10) days of receiving such documents, may review and designate as Confidential any document the third party produced if, in good faith, the party believes that the document contains Confidential information belonging to the party under the definitions herein.

9.      Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential materials shall continue to be binding upon all counsel, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others. Further, upon final termination of the above-entitled action, and upon a party's written request made within sixty (60) days of final order of judgment or dismissal, the original and all copies of all Confidential materials, including those portions of deposition transcripts and the deposition exhibits containing Confidential information, shall be returned to the producing party's respective counsel within sixty (60) days of said request. If no written request is made within sixty (60) days of final order of judgment or dismissal, then this Order shall be no longer protective of Confidential matter.

4

10.     Notwithstanding the foregoing provisions, the responding party shall have the right to redact (with clear documentation of redaction) from the items produced in discovery references to any individual officer or employee's personal and confidential information about himself, his family, or his employment, including his social security number, home address and telephone number, the names of his family members, and names of his insurance beneficiaries. If a party redacts information from any confidential matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of the information redacted (for example, social security number).

11.     By this Protective Order, the discovering party does not waive its right to make application to the Court, with proper notice to the responding party and other parties to the litigation, for a determination that any Confidential information produced by the responding party does not contain sensitive and confidential information, or that in the circumstances the information should be released from the provisions of this Protective Order.  If disputes arise concerning the propriety of designating particular documents as Confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve these disputes by agreement before asking the Court to resolve these disputes pursuant to the applicable Rules of Civil Procedure.

12.     The terms of this Protective Order are intended to affect and govern only that documentation and material exchanged during discovery in this litigation, and none of the provisions contained within this Protective Order operate as a waiver or modification of the protections afforded by statute or any other protective order entered in any other criminal or civil case.

5

13.     This Protective Order may be modified by further written stipulation signed by the undersigned attorneys and/or by further order of this Court upon application to the Court with notice.

14.     Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

15.     The Court retains jurisdiction to hear challenges to the confidentiality designation of information or documents, which are the subject of this Protective Order, as well as requests to modify any part of this Protective Order.


ENTERED:                                              _____
                                                      Honorable Judge Charles R. Norgle Sr.