# EXHIBIT A

2015.000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| RICHARD FURSTENAU,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF NAPERVILLE, a Municipal Corporation; **MICHAEL HULL**, in his individual and official capacity; **DAVID DIAL**, in his official and individual capacity; **PETER BURCHARD**, in his official and individual capacity; **MARGO L. ELY**, in her individual and official capacity; and **JOE MATCHETT**, in his individual and official capacity,<br><br>    Defendants. | No.:  07 C 6143<br><br>Honorable Judge Norgle<br>Courtroom: 2341 |

### RESPONSES TO PLAINTIFF'S FIRST SET OF
### REQUESTS FOR ADMISSION TO PETER BURCHARD

To:   The Collins Law Firm, P.C.
      1770 N. Park Street, Suite 200
      Naperville, IL 60563

cc:   See attached Service List

NOW COMES, the Defendant, PETER BURCHARD, by and through his attorneys, EKL WILLIAMS PLLC, and for his answers to the Plaintiff's First Set of Requests for Admission states as follows:

1.   Admit that, on or after October 31, 2007, You requested written reports be prepared regarding incidents involving Plaintiff.

    ANSWER:   Objection; vague as to the term "incidents" and overly broad as a result thereof. Without waiving said objection, Defendant denies this allegation.

2. Admit that You requested that an investigation into Plaintiff be undertaken following Plaintiff's acquittal of the alleged battery of Defendant Hull.

ANSWER: Objection; argumentative and vague as to the term "investigation." Without waiving said objection, Defendant denies this allegation.

3. Admit that, prior to sending the open letter that You wrote regarding Plaintiff to the local newspapers, You never informed Plaintiff that You were either writing the open letter or sending it to the newspapers.

ANSWER: Admit.

4. Admit that, You circulated the open letter that You signed and sent to the local newspapers regarding Plaintiff to others before You sent it to the local newspaper.

ANSWER: Deny.

5. Admit that You were aware, prior to the time that You sent the open letter that You signed to the local newspapers, that Plaintiff opposed paying You any severance money.

ANSWER: Objection; argumentative and vague concerning the phrase "signed to the local newspapers." Without waving said objection, Defendant denies this allegation.

6. Admit that, after October 31, 2007, You requested that City files be searched for information concerning Plaintiff.

ANSWER: Objection; argumentative and vague as to "City files" and "searched." Without waiving said objection, Defendant denies this allegation.

7. Admit that, after October 31, 2007, You requested that City Police files be searched for information concerning Plaintiff.

ANSWER: Objection; argumentative and vague as to the terms "City Police files" an "searched." Without waiving said objection, Defendant denies this allegation.

8. Admit that, after October 31, 2007, You did not request that City files be searched for information concerning any council member or person other than Plaintiff.

ANSWER: Objection; this allegation is argumentative, vague as to the terms "City files" and "searched," and overly broad. Without further clarification, Defendant can neither admit nor deny this allegation.

9. Admit that, prior to Plaintiff's arrest in January of 2006, You discussed with Police Chief Dial bringing criminal charges against Plaintiff.

ANSWER: Objection; argumentative and vague as to "bringing criminal charges against Plaintiff." Without waiving said objection, Defendant denies this allegation.

Respectfully Submitted,

/s/ Vincent C. Mancini
Vincent C. Mancini

Terry A. Ekl
Vincent C. Mancini
EKL WILLIAMS PLLC
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045