UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD R. FURSTENAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6143 |
| | ) | |
| CITY OF NAPERVILLE, a municipal corporation; **MICHAEL HULL**, in his individual and official capacity; **DAVID DIAL**, in his individual and official capacity; **MICHAEL CROSS**, in his individual and official capacity; **PETER BURCHARD**, in his individual and official capacity; **MARGO L. ELY**, in her individual and official capacity, and **JOE MATCHETT**, in his individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) | The Honorable Charles R. Norgle<br><br>Magistrate Judge Geraldine Soat Brown<br><br>JURY TRIAL DEMANDED |
| Defendants. | ) | |

## JOINT INITIAL STAUS REPORT

The following Joint Initial Status Report results from oral and written communications between counsel, the most recent of which were the week of March 24, 2007.

1. **NATURE AND STATUS OF THE CASE**

Plaintiff's Third Amended Complaint alleges false arrest (lack of probable cause) against Defendants City of Naperville, David Dial, Michael Cross and Michael Hull. Plaintiff also alleges retaliation for expression of his First Amendment rights against Defendants City of Naperville, Peter Burchard, Margo Ely and Joseph Matchett. All claims are brought under 42 U.S.C. Sec. 1983, except for Plaintiff's malicious prosecution claim, which is brought under Illinois state law.

All Defendants have been served and are represented by counsel.

Defendants Dial, Cross and Hull have answered, denying any wrongdoing, and asserting affirmative defenses. Defendants City of Naperville, Burchard, Ely and Matchett have moved to dismiss (the "Motions"). The Motions will be fully briefed on April 9.

2. **DISCOVERY STATUS**

The parties have exchanged Rule 26(a)(1) disclosures.

The parties have also engaged in initial discovery, and have produced documents pursuant to written requests. Further document production remains to be completed. The parties have discussed electronic discovery and are attempting to work out the specifications for such discovery.

The parties differ over the scope of discovery that should be undertaken pending resolution of the Motions. Plaintiff's position is that discovery should continue as to the entire case. Defendants' position is that discovery should continue as to that portion of the case as to which certain Defendants have answered (*i.e.*, the false arrest allegations), but should not continue as to that portion of the case that is the subject of the Motions (principally, Plaintiff's allegations of First Amendment retaliation), unless and until the Motions are resolved in Plaintiff's favor.

3. **CASE DEADLINES**

The parties' differences concerning case deadlines are attributable to their difference over the scope of discovery.

Plaintiff's proposal for case deadlines is as follows:

a. August 15, 2008: fact discovery as to all issues completed.
b. September 15: Plaintiff's expert disclosures.
c. October 15: Defendants to have deposed Plaintiff's expert(s), and made their expert disclosures.
d. November 15: Plaintiff to have deposed Defendants' expert(s), and made his rebuttal expert disclosures, if any.
e. December 15: Dispositive motions filed.

Plaintiffs propose that trial be set for 30 days after resolution of dispositive motions.

Defendants' position is that no fact discovery deadline should be established until the Court has resolved the Motions, but are in general agreement with Plaintiff as to the 30-day sequencing of expert discovery after fact discovery is completed; the timing of the filing of

dispositive motions relative to the completion of expert discovery (*i.e.*, 30 days after); and the scheduling of trial 30 days after resolution of dispositive motions.

4. **STATUS OF SETTLEMENT DISCUSSIONS**

   Plaintiff recently communicated a settlement proposal for Defendants' consideration.

5. **PROCEEDING BEFORE THE MAGISTRATE**

   Plaintiffs consent to proceeding before the magistrate.

Dated: March 31, 2008                               Respectfully submitted,


                                                    /s Shawn M. Collins
                                                    Attorney for Plaintiff