**Group Exhibit 1**

# Freeborn & Peters LLP

*Attorneys at Law*

311 South Wacker Drive
Suite 3000
Chicago, Illinois
60606-6677
Tel 312.360.6000

Terrence J. Sheahan
Partner
Direct 312.360.6728
Fax 312.360.6571
tsheahan@
freebornpeters.com

Chicago

Springfield

**Sent Via U.S. Mail and Email**

March 11, 2008

John Sopuch, III
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
Email: jsopuch@collinslaw.com

      Re:   *Furstenau v. City of Naperville, et al.*
            Case No.: 07-CV-6143

Dear John:

This letter memorializes our conversation on March 6, 2008 regarding discovery issues in the above-captioned lawsuit.

**Deposition Subpoenas:**

We discussed my March 5, 2008, Rule 37.2 letter relating to the depositions of Mayor Pradel, all of the City Council Members except Furstenau, Bob Marshall and William Novack. You noted that you were concerned about our request to hold off on the issue of deposing these individuals until after a ruling on the Motions to Dismiss because a ruling on the Motions may take some time.

We noted that there is a considerable amount of discovery that can be taken at this point. We asked that depositions begin of the twenty or so witnesses who possess knowledge of the arrest and investigation while Judge Norgle considers the Motions. You stated that you had not yet reviewed my Rule 37.2 letter and would get back to me regarding the possibility of taking these other depositions in the near term.

You agreed to withdraw the subpoenas for all of the council members until after you had the opportunity to review the document production to determine if documents evidence the involvement of any them in the investigation and arrest of your client.

As for Mayor Pradel, you believe that he needs to be deposed regardless of a ruling on the Motions to Dismiss because he was interviewed as a part of the police investigation. I stated that we will review the investigative documents and get back to you relating to our position on the Mayor's deposition.

March 11, 2008
Page 2

**Freeborn & Peters LLP**

**Electronic Database:**

We discussed the search terms that we will run against the electronic database consisting of the emails and electronic documents of all of the Naperville "Key Custodians." I have asked you in the past if you had any other individuals whom you think should be deemed a "Key Custodian" for purposes of this litigation. I believe we now have a complete list. However, if you have any additions, please immediately let me know. The following have been designated as Key Custodians of potentially relevant documents for purposes of this litigation:

Michael Hull, David Dial, Michael Cross, Margo Ely, Joe Matchett, John Rosanova, James Boyajian, Robert Fiesler, Doug Krause, Kenn Miller, Richard Furstenau, Grant Wehrli, Darlene Senger, Mayor Pradel, Cheryl Johnson, Emma Trotz, Jennifer Bisch, Reggie Lynch, Regina Mullen, Terry Miller, Community Service Officer Wayne Gunther, Sgt. Steven Schindlbeck, Commander Ray Adkins, Commander Robert Guerrieri, Commander Gregg Waitkuks, James Lawler, James Goschey, Timothy Starz, Timothy Cardella, Peter Burchard, Robert Marshall, Officer Anthony Mannino, Officer Michael Geiger, Officer James Goniwicha, William Novack, Allison Laff, Dan DiSanto, Steve Cope, Marcie Schatz, Rick Trujillo, Richard Dublinski, Craig Bloomquist, Jamie Griffith, Sgt. Ken Keating, Doug Krieger, Pam LaFeber, Detective Tom Sheehan, Officer William Townsend, Allan Poole, and David Van Vooren.

During the teleconference, we also agreed that the search will consist of all documents from 12/31/05 to date. The terms will be as follows:

    (richard or dick or furst* or rfurst*) and arrest
    (richard or dick or furst* or rfurst*) and lawsuit
    (richard or dick or furst* or rfurst*) and towing
    (richard or dick or furst* or rfurst*) and police
    (richard or dick or furst* or rfurst*) and pension
    (richard or dick or furst* or rfurst*) and overtime
    (richard or dick or furst* or rfurst*) and censure
    (richard or dick or furst* or rfurst*) and recall
    (richard or dick or furst* or rfurst*) and retaliation
    (richard or dick or furst* or rfurst*) and investigation
    (richard or dick or furst* or rfurst*) and (officer hull)
    (richard or dick or furst* or rfurst*) and candidate
    (richard or dick or furst* or rfurst*) and election
    (richard or dick or furst* or rfurst*) and primary
    (richard or dick or furst* or rfurst*) and trial

**Freeborn & Peters LLP**

March 11, 2008
Page 3

We also agreed to run two additional searches. The first is for all documents containing the term "open letter." The second search is for all documents created on or after August 24, 2007 containing either of the following terms: "executive session" or "closed session."

Once these searches are completed, we will forward to attorney Terry Ekl all responsive documents created by, or in the control, of Peter Burchard. We will forward to attorney Jim Sotos all responsive documents created by, or in the control, of Defendants David Dial, Michael Hull, Michael Cross, Joe Matchett and Margo Ely. Attorneys for each of the individual defendants will review their clients' documents for privilege and produce to you all non-privileged documents. You will need to talk to Terry Ekl and Jim Sotos about how you want deal with their clients' privileged documents.

Freeborn and Peters LLP will review all of the remaining documents for privilege and will produce to you all non-privileged documents. This production will be done on a rolling basis. We will create one privilege log that will reflect all privileged documents – including both paper files and electronic files – in the custody and control of all Naperville employees and members of the City Council (excluding the named defendants).

Please call me if you wish to discuss any of these issues or if this letter does not accurately reflect our agreement.

Sincerely,

Terrence J. Sheahan

TJS
cc: All counsel of record

1498120v1

## Sheahan, Terrence

| | |
|---|---|
| **From:** | Sopuch III, John A. [jsopuch@collinslaw.com] |
| **Sent:** | Tuesday, March 18, 2008 11:03 PM |
| **To:** | Sheahan, Terrence |
| **Subject:** | RE: |

TJ,

Here are the three things wrong with your letter of March 11th to me.

1. We agreed that Pradel will be deposed prior to a ruling on the pending motions to dismiss. It is not the case that there was any question about that.

2. We never had a conversation about you forwarding documents to Ekl and/or Sotos before being produced to us. Those documents are in the City's possession, custody and/ or control and thus I don't see why you are doing that. I fail to see how any privilege is implicated.

3. With regard to the subpoenas that we served on the various council members, I agreed that the depositions would not go forward on the dates set forth on the subpoenas. However, the subpoenas say after the date certain set forth therein "or at a date, time and place convenient to the parties." Thus, there is no reason to formally withdraw the subpoenas. After we receive the documents from you, we will then decide what we are going to do.

I'm in Hawaii for the next few days.

Call me with questions.  808 537 6100.

JASIII


-----Original Message-----
From: Sheahan, Terrence [mailto:tsheahan@freebornpeters.com]
Sent: Tue 3/18/2008 9:56 AM
To:   Shawn M. Collins; Sopuch III, John A.
Cc:   Brodrick, Audrey L.
Subject:    RE:

Shawn/John:

I still have not heard from either of you regarding your disagreement with the contents of my letter dated March 11, 2008. If your disagreement concerns the depositions that you scheduled, please contact me today. As I stated in the letter, it is my understanding that those subpoenas have been withdrawn for now. Councilman Wehrli's deposition was scheduled for March 24, 2008 and several other councilmembers'
depositions were scheduled for the following week. I need to know by close of business today if you have not agreed to withdraw the subpoenas, because I will need enough time to timely file a motion for a protective order.

-T.J.

Terrence J. Sheahan
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Phone: 312.360.6728
Fax: 312.360.6571

1

```
From: Shawn M. Collins [mailto:smc@collinslaw.com]
Sent: Thursday, March 13, 2008 10:09 AM
To: Sheahan, Terrence; Sopuch III, John A.
Cc: Brodrick, Audrey L.
Subject: RE:
```

T.J.:

Sopuch will contact you today on this.

Shawn Collins

---

```
From: Sheahan, Terrence [mailto:tsheahan@freebornpeters.com]
Sent: Wednesday, March 12, 2008 3:14 PM
To: Sopuch III, John A.
Cc: Brodrick, Audrey L.; Shawn M. Collins
Subject:
```

John,

I got your letter yesterday that stated that you did not agree with the contents of my letter. Please call me or send me a letter that outlines your concerns. We want to start reviewing the electronic discovery but we are at a standstill until I hear from you.

-T.J.

Terrence J. Sheahan
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Phone: 312.360.6728
Fax: 312.3606571

2



# THE COLLINS LAW FIRM PC

1770 N. Park Street, Suite 200
Naperville, IL 60563
T: (630) 527-1595
F: (630) 527-1193
www.collinslaw.com

# TELECOPY COVER LETTER

| Date: | March 26, 2008 |
|---|---|
| Number of pages including cover sheet: | 3 |

| | | | |
|---|---|---|---|
| **To:** | Terrence J. Sheahan | **From:** | Melissa O'Neill |
| **cc:** | Richard T. Sikes<br>Audrey Lane Brodrick | | |
| **Firm:** | FREEBORN & PETERS | | |
| **Fax No.** | 312/360-6571 | | |
| **Cc:** | Jim Sotos<br>John Timbo | | |
| **Firm:** | JAMES G. SOTOS & ASSOC. | | |
| **Fax No.** | 630/773-0980 | **Phone:** | 630/527-1595 x233 |
| **Cc:** | Terry Ekl<br>Vincent Mancini | **Fax No.** | 630/527-1193 |
| **Firm:** | EKL WILLIAMS | | |
| **Fax No.** | 630/654-0150 | | |

**CLIENT:** Furstenau

**ATTACHED:** Letter to T.J. Sheahan, dated 3/26/08

CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED, THE INFORMATION IN THIS TRANSMITTAL IS CONFIDENTIAL AND INTENDED ONLY FOR THE RECIPIENT LISTED ABOVE. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR A PERSON RESPONSIBLE FOR DELIVERING THIS TRANSMITTAL TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION OR COPYING OF THIS TRANSMITTAL IS PROHIBITED. IF YOU RECEIVED THIS TRANSMITTAL IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.



SHAWN M. COLLINS
EDWARD J. MANZKE
JULIE B ANDERSON
ROBERT L. DAWIDIUK
DANIEL C. FABBRI
AARON W. RAPIER
SANDRA E STRASSMAN

*Of Counsel*
JOHN A. SOPUCH III
DAVID J. FISH

March 26, 2008

**VIA FACSIMILE AND EMAIL**

Terrence J. Sheahan, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606

Re:   *Furstenau v. City of Naperville, et al.*

Dear T.J.:

This responds to your e-mail of yesterday and follows up on my telephone conversation with you yesterday, Collins' conversation with you yesterday and my conversation with you a week or so ago. It is also written pursuant to all Rules that require communication between counsel as a predicate to motion practice.

Your position with regard to discovery has constantly changed. You have agreed to get discovery going, but your actions belie that agreement. You have promised to produce documents on a rolling basis and, today, as I write this letter, you have produced 2000 pieces of paper, the overwhelming majority of which are completely and utterly useless. You had me spend time with you identifying individuals whose e-mail accounts would be searched, only to now tell us that you are not going to run the searches with regard to many of the identified people. When we asked you what the basis of your position was, you said you had a pending motion to dismiss. When you were told that a pending motion to dismiss did not constitute a basis for refusing to engage in discovery, you said that it did. (You have evidently "forgotten" that for most of the time that we had previously been discussing an unlimited discovery plan, you similarly had a motion to dismiss pending.) When I offered to select a certain number of witnesses whose e-mail accounts would be searched and then you would select a similar number, you refused.

I appreciate that you think that you have a really good motion to dismiss. I do not think that you do. But it doesn't really matter what you and I think about the merits of your motion. You cannot, even if Mr. Sotos is telling you to do so, as you said to Collins, decide to refuse to engage in legitimate discovery. And let me add this: for all of the effort that you have undertaken to regale us with the vastness of your task because of the alleged mountain of documents out there (600,000 or so, according to your last assessment), it has been *more than a*

Terence J. Sheahan, Esq.
March 26, 2008
Page 2

*month* since responses to our document requests were due and, as of today, not a single document from any of the "searches" that you agreed to run have been produced.

I will repeat my offer once more in writing. We are willing to select eight individuals to run searches on, then you can pick nine. This seems fair to me.

Finally, a word about George Pradel. Previously, when we spoke, we talked about witnesses who were involved in both the false arrest aspect of the case and the retaliation aspect of the case; witnesses like George Pradel, whom you concede is such a witness. When we spoke, I specifically asked you if such witnesses were deposed, whether you would allow them to answer certain questions and, then, because you had your pending motion, not allow them to answer others. At that time, you agreed with me that to do that would be silly. The witness was there, why make the witness come back again? On yesterday's call, you changed your mind and said that, with respect to George Pradel, you would indeed do that and then an hour or so later, in your e-mail, you refuse to now even produce Pradel for deposition on any subject at all. The evolution of your position on this as well as discovery in general is troubling.

We have been more than patient with you and all of your explanations as to why you have not been able to engage in discovery. Our patience is wearing thin. We urge you to reconsider your current position. If you do not, we will seek His or Her Honor's view on the matter.

Very truly yours,

John A. Sopuch III

JAS/mao
cc: All Counsel of Record

# Frausto, Leslie

| | |
|---|---|
| **From:** | Sheahan, Terrence |
| **Sent:** | Tuesday, March 25, 2008 5:07 PM |
| **To:** | Sopuch III, John A.; 'Shawn M. Collins' |
| **Cc:** | Jim Sotos; 'Ekl'; John Timbo; Vince Mancini; Sikes, Rich; Brodrick, Audrey L. |
| **Subject:** | Furstenau discovery issues |
| **Attachments:** | List.pdf |

As you are aware, the City and certain Individual Defendants filed Motions to Dismiss the Third Amended Complaint in Furstenau v. City of Naperville, et al. Despite what you think about the merits of the motions, we all can agree that if the Court grants these motions, the bulk of this case will center around the incident in January 2006 and the police investigation of that incident. Given that there are over 24,000 emails (from 52 key custodians) that are responsive to the search that we ran using the agreed to search terms, production of email documents will have to be on a rolling basis. We also are in the process of identifying and gathering hard copies of documents responsive to your discovery requests. To keep this case moving and to begin to create a record relating to non-controversial issues in this case, I proposed in our phone conversations today that defendants begin producing all responsive documents relating to the people directly involved in the incident and the investigation as soon as those documents are reviewed by our attorneys. Attached is a list identifying those witnesses. If we structure discovery in this manner, the parties can begin to take depositions of non-controversial witnesses over the next several weeks. Apparently, you do not agree with our approach to structuring discovery in this manner.

Please note that Mayor Pradel is not on the attached list. I am cognizant of the fact that the Mayor was interviewed as part of the investigation and that you want to take his deposition. However, we believe that any deposition of the Mayor should not occur until after a ruling on the Motions to Dismiss. That way, if the motions are granted, the scope of such a deposition would be greatly reduced. Apparently, we cannot agree on this issue either.

I hope that you will reconsider your position relating to structuring discovery. Otherwise, we can include in our report to the Court that the parties disagree on this issue and defendants may be forced to file a motion with the Court to resolve this discovery issue.

Thanks,

-T.J.

Terrence J. Sheahan
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Phone: 312.360.6728
Fax: 312.3606571

---

| | |
|---|---|
| **From:** | Sheahan, Terrence |
| **Sent:** | Tuesday, March 25, 2008 3:33 PM |
| **To:** | Sheahan, Terrence |
| **Subject:** | List |

List.pdf (15 KB)

1

**Proposed First Round Depositions**

<u>City Employees</u>
Ray Adkins- NPD
Timothy Cardella- Naperville employee who talked with Furstenau day of incident
James Goschey- placement of signs
Jamie Griffith- NPD
Robert Guerrieri- NPD
Wayne Gunther-NPD
Ken Keating-NPD
James Lawler-placement of signs
Steve Schindlebeck- NPD
Tom Sheehan- NPD
Timothy Starz- placement of signs
William Townsend- NPD
Gregg Waitkus- NPD

<u>Witnesses to January 1, 2006 "incident"- non-city employees</u>

Deborah Elam
Paul Hinterlong
Donald Feldott
Thomas Priz
Benjamin Drendel

1507292v1