# Group Exhibit 4

THE COLLINS LAW FIRM PC

SHAWN M. COLLINS
EDWARD J. MANZKE

JULIE B. ANDERSON
ROBERT L. DAWIDIUK
DANIEL C. FABBRI
AARON W. RAPIER
SANDRA E. STRASSMAN

*Of Counsel*
JOHN A. SOPUCH III
DAVID J. FISH

March 27, 2008

**VIA FACSIMILE AND EMAIL**

Terrence J. Sheahan, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606

    Re:    *Furstenau v. City of Naperville, et al.*

Dear T.J.:

I'm writing to you because you represent the City.

I read that Councilman Wehrli blames the City's budget problems on Dick Furstenau and his lawsuit.

Let's review a little history.

In June of 2007, after he was found not guilty of hitting a Naperville Police officer, Furstenau asked only for an apology and discipline of the officers he believed to have falsely arrested him. He didn't ask for any money.

The City said, "No."

In August of 2007, Furstenau was willing to settle for an apology and $129,500 – mostly to reimburse those who contributed to his 2006 State Senate campaign that was doomed to fail once he was arrested.

The City said, "No."

On October 31, 2007, when the lawsuit was filed, the City predicted its total cost to defend the entire case would be $240,000.

Within two months, that prediction rose to $400,000.

*Terence J. Sheahan, Esq.*
March 27, 2008
Page 2

We are now less than five months into the case, and the City has already spent $275,000 just on legal fees.

That's already more than what was predicted last fall to defend the *entire* case, and twice what Furstenau asked for to settle the case just last summer.

And the latest is the City has budgeted $600,000 more just for legal fees.

Do you see a pattern here?

This is to let you know that Furstenau remains willing to settle this case for an apology and less money than what the City has budgeted for legal fees. If we settle, the City I'm sure has plenty of good uses for the money it would save. And the City would avoid the very real possibility that it will lose this case, and have to spend millions more.

If the City is interested, please call me. The offer is good until April 15.

I suppose the City feels it has the right to spend $1,000,000 or more to fight a case it could have settled for $129,500.

But, if it does that, don't blame Furstenau.

Sincerely,

Shawn M. Collins

SMC/mao
cc:   Case Counsel
      Media

# Freeborn & Peters LLP

*Attorneys at Law*

311 South Wacker Drive
Suite 3000
Chicago, Illinois
60606-6677
Tel 312.360.6000

Terrence J. Sheahan
Partner
Direct 312.360.6728
Fax 312.360.6571
tsheahan@
freebornpeters.com

*Chicago*

*Springfield*

March 27, 2008

**Sent Via U.S. Mail and Email**

Shawn Collins
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
smc@collinslaw.com

  Re: *Furstenau v. City of Naperville, et al.*
     Case No.: 07-CV-6143

Dear Shawn:

  I am writing in response to the letter you sent to me today regarding Mr. Furstenau's desire to finally end this litigation. As an experienced attorney, you know that if a litigant is serious about wanting to actually settle a lawsuit, typically that person would engage in confidential settlement negotiations with the opposing parties. Here, you and Mr. Furstenau chose not to initiate serious settlement negotiations. Instead, you sent a purported "settlement letter" to the media. It is clear that Mr. Furstenau would rather fight this dispute in the media than on the merits in a court of law. Given that your settlement letter was sent to the media, I am forced to respond in the same manner.

  I take issue with your review of the history of this case. First, you stated that in June of 2007, Furstenau was not seeking money but only wanted two things: an apology and discipline of the police officer. That is a pretext. Furstenau knew all along that the City could not, in good faith, force a police officer to apologize and discipline him for simply doing his job. Therefore, Furstenau never really expected the City to satisfy his initial settlement request. It is our view that this has always been about Mr. Furstenau's personal financial gain.

  Second, you noted that Furstenau was "found not guilty" of hitting a Naperville police officer, but you conveniently omitted what the judge said at the conclusion of the stipulated bench trial: "[t]here's no wrong or inappropriate behavior shown by Officer Hull. In fact, he probably demonstrated restraint", and "I think what occurred was embarrassing, inappropriate." (*See* Statements of Judge Cary Pierce in transcript of May 27, 2007 hearing in 06 CM 302, pp. 35-36.) I have a copy of the transcript for you reference. Your client got a break and now he wants to turn it into a financial windfall.

**Freeborn & Peters LLP**

Shawn Collins
The Collins Law Firm
March 27, 2008
Page 2

      Third, you noted the fact that the potential defense costs for this litigation have substantially increased. As you are fully aware, Mr. Furstenau is directly responsible for this increase. This lawsuit began a claim of an alleged false arrest, but Furstenau dramatically widened the scope of his allegations when *he* sued the City Manager, the City Attorney and a police union official, all of whom simply expressed opposition to the objectionable conduct of your client. The only "pattern" that is emerging here is a pattern of Furstenau attempting to intimidate and harass anyone who does not see things his way.

      Now we can get to what this case is really about: money. We believe that as an elected Naperville City Councilman, and a steward of the public's funds, it would be in the best interests of both your client and the taxpayers for Furstenau to drop this frivolous lawsuit. As an elected official, Furstenau should put the interests of the taxpayers ahead of his own personal gain.

      Finally, I believe that your settlement letter was sent as a media ploy, rather than an attempt to actually resolve this case. If you really wanted to seriously discuss settlement, you could have called me. But what is done is done. Nevertheless, I am obligated to forward any settlement offers to my clients, regardless of whether or not the offer was made in good faith. That is what I plan to do.

Sincerely,

*[signature]*

Terrence J. Sheahan

TJS/lf
cc:    All counsel of record
          Media

#1516481