UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISISON

| | |
|---|---|
| **RICHARD R. FURSTENAU**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 6143 |
| v. ) | |
| ) | The Honorable Charles R. Norgle |
| **CITY OF NAPERVILLE**, a municipal ) | |
| corporation; **MICHAEL HULL**, in his ) | Magistrate Judge Geraldine Soat Brown |
| individual and official capacity; ) | |
| **DAVID DIAL**, in his individual and ) | |
| official capacity; **MICHAEL CROSS**, in ) | |
| his individual and official capacity; ) | |
| **PETER BURCHARD**, in his individual ) | |
| and official capacity; **MARGO L. ELY**, in ) | |
| her individual and official capacity; and ) | |
| **JOE MATHCETT**, in his individual and ) | |
| official capacity, ) | |
| ) | |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER

For the reasons set forth below and as we will demonstrate at the Court's initial status conference on May 1st (or as the Court may otherwise direct), we respectfully submit that the defendant City's motion for protective order should be denied. Discovery is underway and, despite the pending motion practice, discovery should continue. Indeed and based upon the referral of this matter to this Court, a reasonable discovery cutoff date should be established.

1. **HAVING EMBARKED ON DISCOVERY - BUT NOT LIKING THE RESULTS - THE DEFENDANTS WANT TO SHUT IT DOWN**

Contrary to the City's assertions that discovery ought to be structured - the City really means curtailed—both the City and the other defendants have already embarked on such discovery in direct contradiction of their current thesis. They just don't like the results.

Here are a couple of examples: First, the defendant Ely has already engaged in discovery that indicates her involvement in the scheme to injure the plaintiff as alleged in the claims sought to be dismissed. Second, defendants counsel have actually initiated discovery apparently designed to exonerate one or more of the defendants; however, that effort backfired. That effort actually supports the plaintiff's claims; thus the defendants now wish to foreclose that discovery.

2. **DEFENDANTS 'MOTION TO DISMISS WILL NOT CLOSE THE BOOK ON VIABLE CAUSES OF ACTION AND DISCOVERY SHOULD MOVE FORWARD ON AN EXPEDITED BASIS**

The City does not even attempt to suggest that a resolution of the pending 12(b)(6) motions will completely foreclose plaintiff's causes of action as to all the defendants. In addition, the defendants' expansive view of the scope of discovery differs greatly from the focused efforts we recently suggested to (but which were flatly rejected by) the defendants.

In sum, this Court should not bring discovery to a halt simply because of pending—but certainly not fully dispositive - Rule 12(b)(6) - motion practice. Such an approach is the antithesis of the principles underlying the prompt and efficient resolution of disputes contemplated by the Federal Rules. What is actually needed is a discovery cutoff date so that this case can be tried within the next several months. The citizens of the City of Naperville are entitled to a functioning government not vexed by retaliation and ill will directed at those who justifiably disagree with the status quo.

In conclusion, the City's motion should be denied and an order entered directing that all discovery be concluded prior to July 1, 2008.

RICHARD R. FURSTENAU

By:   /s/ Robert P. Cummins
      One of His Attorneys

Robert P. Cummins
The Cummins Law Firm, P.C.
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
(312) 578-0500
Attorney: #0557838

Shawn Michael Collins
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, IL 60563
(630) 527-1595