UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD R. FURSTENAU,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6143 |
| | ) | |
| **CITY OF NAPERVILLE**, a municipal | ) | The Honorable Charles R. Norgle |
| corporation; **MICHAEL HULL,** | ) | |
| in his individual and official capacity; | ) | Magistrate Judge Geraldine Soat Brown |
| **DAVID DIAL,** in his individual and official | ) | |
| capacity; **MICHAEL CROSS**, in his | ) | |
| individual and official capacity; | ) | JURY TRIAL DEMANDED |
| **PETER BURCHARD**, in his individual | ) | |
| and official capacity; **MARGO L. ELY,** | ) | |
| in her individual and official capacity; | ) | |
| and **JOE MATCHETT**, in his individual | ) | |
| and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL
THE DEPOSITION OF GEORGE PRADEL**

Plaintiff moves this Court for an order that compels Defendant, City of Naperville ("Naperville"), to produce George Pradel for deposition, as follows:

1. This case has two aspects: (a) a false arrest aspect, and (b) what has been referred to as a "retaliation" aspect.

2. With regard to the false arrest aspect, issue is joined because defendants to that part of the case have answered. The defendants to the retaliation aspect have moved to dismiss. Those motions to dismiss are pending.

3. In its Rule 26(a)(1) Initial Disclosures, Naperville identified "Mayor George Pradel" as one of the "Individuals Likely to Have Discoverable Information That Defendants May Use To Support Their Claims or Defenses." *See* Defendant, the City of Naperville's

Federal Rule 26(a)(1) Initial Disclosures (hereinafter, "Naperville's Disclosures") at p. 1. A true and correct copy of Naperville's Disclosures is attached hereto as Exhibit "A."

4. Even more specifically, Naperville identified George Pradel as an individual who is "expected to testify regarding the January 1, 2006, incidents between Officer Hull and Plaintiff," *i.e.*, the false arrest aspect of this case or, in other words, the part of this case that is at issue.

5. George Pradel is not identified in any other part of Naperville's Disclosures.

6. The undersigned has requested the deposition of George Pradel, but counsel for Naperville has refused to produce Mr. Pradel until the motions to dismiss have been ruled on.

7. Counsel for Naperville's position is without merit, however, because counsel for Naperville has identified George Pradel as a witness who has knowledge of the aspect of this case that is at issue.

8. Moreover, if George Pradel has discoverable information as to the "retaliation" aspect of the case, the interests of efficiency dictate that Plaintiff should be allowed to discuss that in Pradel's deposition too. The pending motions to dismiss the "retaliation" aspect of the case cannot be used to dictate the manner or method in which a plaintiff conducts discovery. Indeed, unless the Court's "preliminary peek" at the merits of a dispositive motion reveals an "immediate and clear possibility" that the dispositive motion will be granted, then discovery should never be stayed. *See Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002); *GTE Wireless v. Qualcomm, Inc.*, 192 F.R.D. 284, 285-86 (S.D. Cal 2000). The general and overwhelming principle is that parties may select their own discovery methods without unnecessary interference from the court. *See Marin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961).

9. Naperville has no legitimate basis for refusing to produce George Pradel for deposition. As a result, this Court should order that George Pradel be immediately produced for deposition on all issues in this case for which Pradel may have discoverable information.

10. The undersigned attempted in good faith to confer with counsel for the City of Naperville in an effort to convince counsel for the City of Naperville that the position that was being taken by the City of Naperville with regard to producing George Pradel for deposition was unreasonable and contrary to the Federal Rules of Civil Procedure. Despite the good faith attempt to confer with counsel for the City of Naperville, the refusal by the City of Naperville to produce George Pradel has been maintained. Thus, this Motion is required.

11. Further, because Naperville's position in this regard has been unreasonable, particularly after *it* identified George Pradel as a witness with knowledge, and has led to the filing of this Motion, Plaintiff requests that it be awarded all of the fees for having to prepare, file and pursue this Motion.

Dated: April 25, 2008

Respectfully submitted,
**RICHARD R. FURSTENAU**

By: s/ John A. Sopuch III
One of the Plaintiff's Attorneys

Shawn M. Collins
John A. Sopuch III
Edward J. Manzke
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595
(630) 527-1193 – Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of **Plaintiff's Motion to Compel the Deposition of George Pradel** was electronically served on all counsel of record as a result of the CM/ECF filing of this document on April 25, 2008.

s/ John A. Sopuch III

Shawn M. Collins
John A. Sopuch III
Edward J. Manzke
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595
(630) 527-1193 – Fax

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD R. FURSTENAU, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6143 |
| | ) | |
| v. | ) | Judge Charles R. Norgle |
| | ) | |
| CITY OF NAPERVILLE, a municipal Corporation; MICHAEL HULL, in his individual and official capacity; DAVID DIAL, in his official and individual capacity; MICHAEL CROSS; in his individual and official capacity; PETER BURCHARD, in his official and individual capacity; MARGO L. ELY, in her individual and official capacity; and JOE MATCHETT, in his individual an official capacity, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, THE CITY OF NAPERVILLE'S**
**FEDERAL RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant, the City of Naperville ("Naperville"), by their attorneys, Freeborn & Peters LLP, submit the following Rule 26(a)(1) initial disclosures.

A. **Individuals Likely to Have Discoverable Information That Defendants May Use To Support Their Claims or Defenses.**

1. The following individuals are expected to testify regarding the January 1, 2006 incidents between Officer Hull and Plaintiff, Officer Hull's response to Plaintiff's battery of January 1, 2006, the placement of signs in Naperville in advance of the New Years Day Parade, and the subsequent investigation of plaintiff.

    Officer Michael Hull
    Chief David Dial
    Detective Michael Cross
    Community Service Officer Wayne Gunther
    Sgt. Steven Schindlbeck
    Commander Ray Adkins
    Commander Robert Guerrieri
    Commander Gregg Waitkuks
    James Lawler- placement of tow signs

1466122v1

Exhibit A

      James Goschey- placement of tow signs
      Timothy Starz- placement of tow signs
      Timothy Cardella
      Paul Hinterlong
      Mayor George Pradel
      Peter Burchard
      Robert Marshall

The preceding individuals should be contacted through counsel for the individual Defendants or the City of Naperville.

2.    The following individuals are expected to testify regarding the decision to charge Plaintiff as a result of Officer Hull's complaint:

      DuPage Assistant State's Attorney Jennifer Piccone

3.    The following individuals are expected to testify regarding their prior contacts with Plaintiff, as support for Officer Matchett's open letter of December 10, 2007:

      Officer Anthony Mannino
      Officer Joe Matchett
      Officer Michael Geiger
      Officer James Goniwicha

The preceding individuals should be contacted through counsel for the individual Defendants or the City of Naperville.

4.    The following individuals are expected to testify regarding their contacts with Plaintiff:

      <u>July 15, 2005 Meeting Regarding Vintage Point Development</u>

      Margo Ely
      William Novack, City Engineer
      Cristina Van Valkenburgh
      Allison Laff
      Dan DiSanto

      Investigation continues for other witnesses to Plaintiff's behavior.

      <u>April 4, 2006 City Council Meeting where Plaintiff Accuses City Staff of Steering a Bid</u>

      All members of City Council and City Staff then in attendance

March 30, 2007 Threat by Plaintiff to Steve Cope

Steve Cope
Marcie Schatz

April 30, 2007 Meeting Regarding Naperville Crossing Project

Marcie Schatz
Rick Trujillo
Richard Dublinski

October, 2007 Issue Regarding Subcontractor Wilkinson's Ability to Bid On Naperville Crossings Work

Margo Ely

November, 2007 Conversation between Plaintiff and Christine Jeffries Regarding Marcie Schatz

Christine Jeffries
Marcie Schatz
Robert Marshall
Margo Ely

Defendant also reserves the right to call as a witness any person identified by Plaintiff or co-Defendants in their Rule 26 disclosures.

Defendant's investigation continues and Defendant will supplement its Rule 26 disclosures at appropriate intervals during discovery as set forth in Rule 26(e).

**B.   Discoverable Documents.**

The following categories of documents, data compilations, and tangible things are presently in the custody and control of Defendants and may be used to support their claims or defenses:

1. Naperville Police Department investigative file stemming from the January 1, 2006 incident, Case No. 06-1157

2. DVD of March 23, 2006 Illinois State Senate Debate from Naperville Channel 17 Television

3. Naperville City Council documents regarding:

   i. September 4, 2007 City Council Meeting

   ii. Decision matrix for June 11, 2007 Council Rules Workshop

   iii. City Council Censure Resolution of December 18, 2007 and documents attached in support

   iv. Peter Burchard letter of November 30, 2007 and documents attached thereto

4. Documents regarding Plaintiff's requests for information from the Naperville Police Department:

   i. City Council Workshop Minutes of February 26, 2007, including Police Department Overtime Documents for 2006

   ii. Ordinance No. 05-232 (Towing Ordinance)

   iii. DVDs of May 3, 2005, June 7, 2005, and November 15, 2005 City Council meetings where Tow Ordinance is discussed

   iv. April 26, 2006 memorandum form Doug A. Krieger to Peter Burchard regarding Plaintiff's April 20, 2006 request for information on City employee salaries

   v. September 28, 2007 memorandum from Margo Ely to Peter Burchard in response to Plaintiff's inquiry on City employees' ability to receive pension

   vi. Chief David Dial's September 6, 2007 and September 28, 2007 memoranda to Peter Burchard in response to Plaintiff's August 21, 2007 and September 18, 2007 inquiries regarding taser used by Naperville Police Department

   vii. DVD of April 4, 2006 City Council meeting where taser purchase was approved by City Council

C. **Computation of Damages.**

There are no applicable computation of damages by Defendant.

D.  **Insurance Agreements.**

The City has excess liability insurance. The City's General Liability coverage is a layered program that has two carriers involved. Illinois Union Insurance has the first layer of coverage. Illinois Union covers the first $5,000,000 of coverage in excess of the City's self-insured retention of $2,000,000. ARCH Specialty Insurance has the second layer of $5,000,000 in excess of $7,000,000 (the City's $2,000,000 plus Illinois Union's $5,000,000). This provides the City with a total coverage of $10,000,000 in excess of the City's self insured retention of $2,000,000.

> Respectfully submitted,
>
> CITY OF NAPERVILLE
>
> By: *Audrey L. Brodrick*
> One of Their Attorneys

Richard T. Sikes, Jr.
Terrence J. Sheahan
Audrey L. Brodrick
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: 312/360-6000

*Attorneys for Defendant*

Dated: January 25, 2008

## CERTIFICATE OF SERVICE

One of the attorneys of record in the above cause states that (s)he caused a true and correct copy of the **CITY OF NAPERVILLE'S 26(a)(1) DISCLOSURES** to be served by email and U.S. Mail, proper postage pre-paid, from 311 South Wacker Drive, Chicago, Illinois, on January 25, 2008, prior to 5:00 p.m. to

Shawn Michael Collins
The Collins Law Firm
1770 N. Park Street
Suite 200
Naperville, Illinois 60563
(630) 527-1595
smc@collinslaw.com

John A. Sopuch
The Collins Law Firm
1770 N. Park Street
Suite 200
Naperville, Illinois 60563
(630) 527-1595
jsopuch@collinslaw.com

Terry A. Ekl
Ekl Williams PLLC
115 W. 55th Street
Suite 400
Clarendon Hills, Illinois 60514
(630) 654-1624
tekl@eklwilliams.com

James G. Sotos
James G. Sotos & Associates, Ltd.
550 East Devon
Suite 150
Itasca, Illinois 60143
Fax: (630) 773-0980
jsotos@jsotoslaw.com

/s/ Anthony J. Bradrick
One of their Attorneys

Dated: January 25, 2008