UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD R. FURSTENAU,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CITY OF NAPERVILLE**, a municipal ) <br> corporation; **MICHAEL HULL,** ) <br> in his individual and official capacity; ) <br> **DAVID DIAL,** in his individual and official ) <br> capacity; **MICHAEL CROSS**, in his ) <br> individual and official capacity; ) <br> **PETER BURCHARD**, in his individual ) <br> and official capacity; **MARGO L. ELY,** ) <br> in her individual and official capacity; ) <br> and **JOE MATCHETT**, in his individual ) <br> and official capacity, ) <br> ) <br> Defendants. ) | No. 07 C 6143 <br><br> The Honorable Charles R. Norgle <br><br> Magistrate Judge Geraldine Soat Brown <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S REPORT ON STATUS OF DISCOVERY

At the Court's direction, the parties met and conferred on May 1st. In short, Defendants indicated that they wished to press the Motion to Structure and are unwilling to relax their view on the discovery limitations they propose.

It remains Plaintiff's position that discovery as to the entirety of the Third Amended Complaint should now resume. The reasons are as follows:

(1) Some of the Defendants have answered. Therefore, a resolution of the pending motions to dismiss will not dispose of the entire case. *See Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993) (holding that "staying discovery is particularly inappropriate in this case because even if defendant were successful, defendant's motion would not be dispositive of the entire case").

Moreover, as this Court is well aware, the filing of a motion to dismiss certain claims does not place off-limits discovery as to those claims. *See Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, *1-2 (N.D. Ill. Nov. 1, 2007) at *2 (that the need for discovery would be eliminated should a court grant a pending motion to dismiss does not alone justify a stay on discovery, as "[p]ermitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule"); s*ee also J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 656 F. Supp. 830, 836-38 (N.D. Ill. 1987) (finding that plaintiff "was entitled to discovery on its cross-claim…notwithstanding the pendency of defendants' motion to dismiss"); *Rubin v. Islamic Rep. Of Iran*, No. 03-C-9370, 2008 WL 192321, *10 (N.D. Ill. Jan. 18, 2008) (finding that the filing of a dispositive motion does not automatically stay discovery on the claims which are subject to that motion).

(2)     The parties already have engaged in extensive discovery on the allegations of the entire Complaint. For example, the City--which now wants to stop discovery on post-acquittal retaliation claims--has already produced more than 1,000 pages of documents related to those claims, some of which served as a basis for Defendants' recent deposition examination of Plaintiff. The City has also served interrogatories and document production requests which address the post-acquittal retaliation claims.

Moreover, Defendants Burchard, Ely and Matchett have answered Plaintiff's Requests to Admit on the post-acquittal claims. Defendant Burchard has propounded, and Plaintiff has answered, Requests to Admit on the same claims. Indeed, prior to Plaintiff's May 1 deposition, the only deposition taken in this case was noticed by Defendants, and concerned exclusively the post-acquittal retaliation claims.

As Defendants have elected to conduct discovery on all aspects of this case--including Plaintiff's post-acquittal retaliation claims--they should not be allowed to shut down the discovery process.

(3)  The artificial distinction which Defendants attempt to create between Plaintiff's "false arrest" claims and his "retaliation" claims is inefficient and unworkable. The cornerstone of Plaintiff's complaint is that the leadership of the City has undertaken a scheme to suppress the Plaintiff's views with which the Defendants disagree. As set forth in the complaint, this has resulted in nearly two years of retaliatory acts against Plaintiff--including (a) his false and retaliatory arrest in January of 2006, (b) post-arrest conduct that continued through Plaintiff's May 2007 acquittal and (c) a campaign of retaliatory harassment that began shortly after acquittal.

The unsurprising practical consequence of City leadership's nearly two-year retaliation against Plaintiff is that designated City officials have discoverable information on both the "false arrest" aspect of the retaliation and Defendants' post-acquittal "retaliatory" acts.

For example, while Defendants have identified Defendant Burchard, City Mayor Pradel and Acting City Manager Marshall as ready to testify as to the circumstances of Plaintiff's arrest, these same three City leaders have been identified by Plaintiff as also having discoverable information concerning the post-acquittal retaliation. There are additional witnesses who fit cleanly into this same category, including, for example, Defendant Matchett, who is alleged to have played a role in both the retaliatory false arrest and the post-acquittal retaliation.

For these reasons, Plaintiff respectfully submits that this Court should not adopt the defense-proposed "structuring" of discovery, a proposal that is at odds with both the letter and spirit of the Federal Discovery Rules.

Dated: May 5, 2008

Respectfully submitted,
**RICHARD R. FURSTENAU**

By: _____/s/ Robert P. Cummins_____
One of the Plaintiff's Attorneys

Shawn M. Collins
Edward J. Manzke
John A. Sopuch III
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

Robert P. Cummins, Esq.
THE CUMMINS LAW FIRM
77 W. Wacker Drive
Suite 4800
Chicago, Illinois 60601
(312) 578-0500