UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD R. FURSTENAU,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6143 |
| ) | |
| **CITY OF NAPERVILLE**, a municipal ) | The Honorable Charles R. Norgle |
| corporation; **MICHAEL HULL,** ) | |
| in his individual and official capacity; ) | Magistrate Judge Geraldine Soat Brown |
| **DAVID DIAL,** in his individual and official ) | |
| capacity; **MICHAEL CROSS**, in his ) | |
| individual and official capacity; ) | JURY TRIAL DEMANDED |
| **PETER BURCHARD**, in his individual ) | |
| and official capacity; **MARGO L. ELY,** ) | |
| in her individual and official capacity; ) | |
| and **JOE MATCHETT**, in his individual ) | |
| and official capacity, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT PETER BURCHARD TO SIT FOR HIS DEPOSITION IN THE CHICAGOLAND AREA

With this Motion, Plaintiff seeks to compel Defendant Peter Burchard to sit for his deposition in the Chicagoland area, rather than in the Savannah, Georgia area, where he has agreed to sit.

At the time this suit was filed, Burchard was the manager for Defendant City of Naperville. He had been the City's manager since 1997. Burchard remained employed by, or a consultant to, the City until approximately June 30, 2008. During his tenure with the City, Burchard owned a home in Naperville, and resided there with his wife and children.

After he was sued by Plaintiff (but at a precise time unknown to Plaintiff), Burchard moved to Georgia. (Plaintiff does not know if Burchard still owns his Naperville home.)

Burchard now insists that the deposition take place in Georgia (the Savannah area), and has indicated his availability there on September 29, 2008.

In written communications as well as in a face-to-face conversation of July 30, 2008 involving, *inter alia*, Plaintiff's counsel and Burchard's counsel, Plaintiff has offered to split with Defendants (or with just Defendant Burchard) the cost of Burchard's travel to Chicago for the deposition. As Burchard's counsel indicated that Burchard has started a new job in Georgia, Plaintiff has offered to take Burchard's deposition on a weekend in the Chicago area, so as not to disturb Burchard's new employment relationship. Through counsel, Burchard has refused both proposals, insisting that the deposition take place in Georgia.

Obviously, the cost of flying Burchard to Chicago is far less expensive than flying multiple lawyers (and potentially clients) to Georgia for the deposition. This Court has great discretion in specifying the terms under which the discovery in this case will go forward. *See Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir. 1985) (finding that in "questions of trial management, the district court's discretion is broad" and holding that although a non-local party-deponent would save time and expense in being deposed in his home location, the District judge was correct in considering the time and expense for the other parties and their attorneys in deciding that deposition would not take place at party-deponent's home location) (criticized on other grounds); *see also New Medium Tech. LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007) (finding that "a party may unilaterally choose the place for deposing an opposing party" and if the location chosen is challenged "courts have broad discretion in selecting the locale for a deposition"); *Custom Form. Mfg. Inc. v. Omron Corp.*, 196 F.R.D. 333, 337 (N.D. Ind. 2000) (finding that "the court has substantial discretion to specify the time and place of any deposition," and that "the travel expenses of the deponents are not the only relevant expenses considered in determining the site of a deposition…the travel expense of counsel is also relevant").

WHEREFORE, Plaintiff respectfully requests that this Court order Peter Burchard to sit for his deposition in the Chicagoland area, with an appropriate split of Burchard's costs of travel.

Dated: August 19, 2008

Respectfully submitted,
**RICHARD R. FURSTENAU**

By:   <u>s/ Shawn M. Collins</u>
      One of the Plaintiff's Attorneys

Shawn M. Collins
Edward J. Manzke
John A. Sopuch III
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

Robert P. Cummins, Esq.
THE CUMMINS LAW FIRM
77 W. Wacker Drive
Suite 4800
Chicago, Illinois 60601
(312) 578-0500

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of **Plaintiff's Motion to Compel Defendant Peter Burchard To Sit For His Deposition In the Chicagoland Area** was electronically served on all counsel of record as a result of the CM/ECF filing of this document on August 19, 2008.

By: s/ Shawn M. Collins

Shawn M. Collins
Edward J. Manzke
John A. Sopuch III
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

Robert P. Cummins, Esq.
THE CUMMINS LAW FIRM
77 W. Wacker Drive
Suite 4800
Chicago, Illinois 60601
(312) 578-0500