2015.000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| **RICHARD FURSTENAU,**<br><br>         Plaintiffs,<br><br>     v.<br><br>**CITY OF NAPERVILLE,** a Municipal Corporation; **MICHAEL HULL**, in his individual and official capacity; **DAVID DIAL,** in his official and individual capacity; **PETER BURCHARD**, in his official and individual capacity; **MARGO L. ELY,** in her individual and official capacity; and **JOE MATCHETT**, in his individual and official capacity**,**<br><br>         Defendants. | No.:   07 C 6143<br><br>Honorable Judge Charles R. Norgle<br>Courtroom: 2341<br><br> Magistrate Judge Geraldine Soat Brown |

## DEFENDANT BURCHARD'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND MOTION IN SUPPORT OF PROTECTIVE ORDER

NOW COMES the Defendant, PETER BURCHARD, by and through his attorneys, EKL WILLIAMS PLLC, and for his Response to Plaintiff's Motion to Compel and in Support of Protective Order, states as follows:

From January through June of 2008, Burchard was a consultant to the City of Naperville following the termination of his employment as City Manager.  Plaintiff, as a councilman for the City of Naperville, knew that Burchard was in the process of moving his family to Georgia where his new job was located and that his tenure as a consultant to the City expired June 30, 2008.  During that time frame, Burchard worked in Georgia and traveled to Naperville on at least 15 occasions in his capacity as consultant for the City.  However, Plaintiff never deposed Burchard during that time

period when his work and travel schedule made it convenient to do so. See Affidavit of Peter Burchard, attached as Exhibit A.

In fact, defense counsel sought to accommodate Plaintiff by producing Burchard for his deposition, in accordance with the bifurcated discovery schedule, on any Friday in June, 2008, when his position as a consultant for the City, along with family matters, brought him back to Naperville on those weekends. However, Plaintiff never set a date for Burchard's deposition in June, even though Plaintiff was clearly aware that after June 30, 2008, Burchard would no longer be a consultant for the City or residing in Naperville.

In early June of 2008, Burchard purchased a new residence in Georgia, selling his former residence located in Naperville on July 1, 2008. As such, Burchard now resides in Georgia. See Exhibit A. Yet, as a result of Plaintiff's failure to depose Burchard in part during June, he seeks to compel Burchard to travel to the Chicago area essentially because it would be more inconvenient for Plaintiff and his counsel to travel to Georgia. However, Plaintiff and his counsel are partially the cause of this inconvenience based on their failure to act promptly in scheduling Burchard's deposition in June (for matters related to the police action portion of this lawsuit). Nevertheless, Plaintiff has failed to meet its burden in establishing a significant hardship associated with deposing Burchard in Georgia other than the same hardship that would be suffered by Burchard if he is compelled to appear in the Chicago area, *i.e.* travel expense and inconvenience. In fact, Burchard would incur far greater hardship if he is required to travel to Chicago for his deposition.

Courts have broad discretion in selecting the locale for a deposition. New Medium Tech. LLC v. Barco N.V., 242 F.R.D. 460, 466 (N.D. Ill. 2007). In this regard, other jurisdictions have held that "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to

take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D. Mo. 1979); see also Metrex Research Corp. v. U.S., 151 F.R.D. 122, 125 (D.Colo. 1993) and Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D.Mich. 1987) ("Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. See Work v. Bier, 107 F.R.D. 789, 792 (D.C.1985)").

Here, Plaintiff has offered absolutely no exceptional or unique circumstances requiring Burchard to travel to the Chicago area for his deposition, especially in light of the fact Plaintiff had sufficient opportunity to complete the police-action portion of his deposition *in the Chicago area* before Burchard's position as consultant to the City ended on June 30, 2008, and he permanently relocated to Georgia. Plaintiff argues that it is inconvenient for him and his counsel to travel to Georgia for Burchard's deposition, but the significant factors which courts consider are whether the time, expense, and inconvenience of travel presents a special hardship *for the deponent*, not for Plaintiff or his counsel. See New Medium Tech., 242 F.R.D. at 467.

In this instance, no direct route exists for Burchard to travel to Chicago from his residence in Evans, GA; instead, he must either drive four (4) hours to Atlanta or fly out of a local airport with a stop over in another city before reaching Chicago. Accordingly, the time required to travel to the Chicago area normally exceeds 7 hours, and as such, any deposition taking place in the Chicago area would require Burchard to miss two (2) or three (3) days of work (for travel and his deposition), as opposed to a single day if his deposition takes place in Georgia. See Exhibit A.

Besides being required to miss up to three (3) days of work, thereby risking his new employment, Burchard will be required to take time off work without pay because he has not accrued sufficient vacation or personal time at his new job. Therefore, if the deposition is conducted in the Chicago area, Burchard would be required to miss at least two, if not three, days of work without pay. Consequently, the monetary costs associated with compelling Burchard to be deposed in the Chicago area not only includes the travel, hotel, and car rental expense, but also the loss of income for up to three (3) days associated with traveling to and attending the deposition. See Exhibit A.

Compelling Defendant Burchard to incur these expenses is not justified in this instance. Further, if the costs associated with taking Burchard's deposition in Georgia is too high for Plaintiff, Federal Rule 30(b)(4) provides Plaintiff with the ability to take the deposition by telephone or video conferencing. Thus, Plaintiff's offer to depose Burchard over a weekend and/or to split the costs of Burchard's travel are not sufficient to off-set the expense and inconvenience of requiring Burchard to travel to the Chicago area for his deposition. Besides, Burchard's counsel is unavailable to conduct the deposition on a weekend until mid-November due to prior commitments and counsel should not be forced to accommodate Plaintiff's request to conduct the deposition on a weekend absent exceptional or unusual circumstances.

Therefore, Defendant Burchard respectfully requests this Honorable Court enter an order (1) denying Plaintiff's Motion to Compel Defendant Burchard to Sit for his Deposition in the Chicagoland Area and (2) granting a Protective Order requiring that Defendant Burchard's deposition be taken in the vicinity Evans, Georgia, in accordance with federal law.

Alternatively, should this Court compel Burchard to appear for his deposition in the Chicago area, Plaintiff should be required to pay the full amount of the expense incurred by Burchard as a result thereof, including but not limited to the expenses of airline travel, hotel, meals, car rental, and

lost income, as it is at Plaintiff's insistence and for his convenience that the deposition take place in the Chicago area. See New Medium, 242 F.R.D. at 469.

WHEREFORE, Defendant, Peter Burchard, by and through his attorneys, EKL WILLIAMS PLLC, prays that this Honorable Court enter an order denying Plaintiff's Motion to Compel Defendant Burchard to Sit for his Deposition in the Chicagoland Area and granting a Protective Order requiring Defendant Burchard's deposition take place in the vicinity Evans, Georgia. Alternatively, Defendant Burchard requests that Plaintiff pay the full amount of the travel expenses and lost wages incurred by Burchard, including but not limited to the expenses of airline travel, hotel, meals, car rental, and lost income.

Respectfully submitted by:

By: **s/ Vincent C. Mancini**
    Attorneys for Peter Burchard

Terry A. Ekl
Vincent C. Mancini
EKL WILLIAMS PLLC
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 *Facsimile*
ARDC# 6243417
vmancini@eklwilliams.com
J:\MARY\CLIENT FILES\BURCHARD.2015.000\PLEADINGS\Response to Motion to Compel.wpd