UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD R. FURSTENAU, | ) | |
| | ) | |
| Plaintiff, | ) | No.  07 C 6143 |
| | ) | |
| v. | ) | Judge Charles R. Norgle |
| | ) | |
| CITY OF NAPERVILLE, a municipal | ) | Magistrate Judge Geraldine Soat Brown |
| Corporation; MICHAEL HULL, in his individual | ) | |
| and official capacity; DAVID DIAL, in his | ) | |
| official and individual capacity; MICHAEL | ) | |
| CROSS; in his individual and official capacity; | ) | |
| PETER BURCHARD, in his official and | ) | |
| individual capacity; MARGO L. ELY, in her | ) | |
| individual and official capacity; and JOE | ) | |
| MATCHETT, in his individual an official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF NAPERVILLE'S MOTION FOR LEAVE TO
SUPPLEMENT ITS MOTION TO DISMISS PLAINTIFF'S THIRD
AMENDED COMPLAINT WITH  ADDITIONAL AUTHORITY**

Defendant, City of Naperville ("City"), by and through its attorneys, Freeborn & Peters

LLP, respectfully requests leave to supplement its pending Motion to Dismiss Plaintiff's Third

Amended Complaint with additional authority, and in support thereof, states:

1.      On March 4, 2008, the City filed a Motion to Dismiss Plaintiff's Third Amended

Complaint ("Motion") (Dkt. # 51).  On March 26, 2008, Plaintiff filed his Brief in Opposition to

City of Naperville's Motion to Dismiss ("Response") (Dkt. # 62), and the City filed its reply

brief on April 9, 2008 ("Reply Brief") (Dkt. # 73).   Thus, the Motion is fully briefed and

currently pending before this Court.

2.      In the Memorandum in Support of the Motion, the City requested the Court to

dismiss the *Monell* claims against the City that are raised in Counts I-III and to completely

dismiss Count II, the Equal Protection claim. (*See*, Dkt # 53, pp. 6-15.) The City argued that the Third Amended Complaint contained conclusory, boiler-plate averments instead of operative facts that would support a *Monell* claim against the City. (*Id*. at 4.) The City also argued that the allegations in the Equal Protection claim were so sparse that Plaintiff failed to "allege the grounds of his entitlement to relief." (*Id*. at 13-14.)

3.      In the Response, Plaintiff argued that he is not subject to a heightened pleading standard and that he "does not need to establish or even plead facts." (Dkt. #62, p. 3-5. ) In fact, Plaintiff argued that he "is not required to allege any more than he has." (*Id*. at 5.)

4.      The City agreed that a heightened pleading standard does not apply, but argued that Plaintiff, nevertheless, is requires to provide "enough facts to state a claim to relief that is plausible on its face" under the standard recently outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1964 (2007). (*See*, Dkt. # 73, p.3).

5.      Two recent decision in the Northern District of Illinois have helped to clarify the new standard for pleading a cause of action, and in particular, a *Monell* claim. In *McComb v. City of Chicago*, Case No. 07 C 5564, the City of Chicago moved to dismiss the *Monell* allegations for the exact same reason that the City of Naperville did in this case. Judge Marovich granted the City of Chicago's motion to dismiss and held that the plaintiff's complaint "does not meet the new standard" for pleading a *Monell* claim under the Supreme Court's holding in *Bell Atlantic Corp. v. Twombly*. (*See*, June 10, 2008 Order in *McComb v. City of Chicago*, Case No. 07 C 5564, attached as Exhibit A at 1.) Judge Marovich also stated that "Plaintiff filed a boiler-plate amended complaint that merely recites elements of causes of action." *Id*. And he noted that for a *Monell* claim, "[w]hat plaintiff must allege is the existence of a policy that has a connection to the constitutional violation he alleges." (*Id*. at 2.)

6.    In *Moumji v. Officer Konior, et al.*, Case No. 07 C 5256, the City of Chicago, once again, moved to dismiss the *Monell* claims.    Similar to Judge Marovich's ruling in *McComb*, Judge Lefkow dismissed the *Monell* claims in *Moumji* due to pleading deficiencies. Judge Lefkow also agreed that a new standard was created in *Bell Atlantic* and held that "it is now clear that boilerplate allegations cannot alone be sufficient to allege a *Monell* claim." (*See*, June 9, 2008 Order in *Moumji v. Officer Konior, et al.*, Case No. 07 C 5256, attached as Exhibit B at 7.)

7.    The June 10, 2008 Order in *McComb* and the June 9, 2008 Order in *Moumji*, were not yet entered in the court docket or otherwise available to counsel for the City before the Reply Brief in this case was filed.    Both of these Orders are persuasive, directly on point, and further illuminate the pleading deficiencies in Plaintiff's Third Amended Complaint in this case.    For those reasons, the City requests leave to supplement its Motion to Dismiss Plaintiff's Third Amended Complaint with Judge Marovich's Order in *McComb* and Judge Lefkow's Order in *Moumji*.

WHEREFORE, Defendant, City of Naperville, respectfully requests this Honorable Court grant the City leave to supplement its Motion to Dismiss Plaintiff's Third Amended Complaint with both Judge Marovich's June 10, 2008 Order *McComb v. City of Chicago*, Case No. 07 C 5564, attached hereto as Exhibit A and Judge Lefkow's June 9, 2008 Order in *Moumji v. Officer Konior, et al.*, Case No. 07 C 5256, attached hereto as Exhibit B, and to grant any further relief this Court deems just and proper.

Respectfully Submitted,

**CITY OF NAPERVILLE**

By:    /s/ Terrence J. Sheahan_____
       One of Its Attorneys

Richard T. Sikes, Jr.
Terrence J. Sheahan
Audrey L. Brodrick
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone:  (312) 360-6000

Dated:  September 5, 2008

1614092v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, I caused the **Notice of Motion**, and

**Defendant City of Naperville's Motion for Leave to Supplement Its Motion to Dismiss**

**Plaintiff's Third Amended Complaint With Additional Authority** to be filed with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the

following:

Shawn Michael Collins
The Collins Law Firm
1770 N. Park Street
Suite 200
Naperville, Illinois 60563
(630) 527-1595
smc@collinslaw.com

Terry A. Ekl
Vince Mancini
Ekl Williams PLLC
tekl@eklwilliams.com
vmancini@eklwilliams.com
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, Illinois 60532

John A. Sopuch
The Collins Law Firm
1770 N. Park Street
Suite 200
Naperville, Illinois 60563
(630) 527-1595
jsopuch@collinslaw.com

James G. Sotos
John Timbo
James G. Sotos & Associates, Ltd.
550 East Devon
Suite 150
Itasca, Illinois 60143
Fax: (630) 773-0980
jsotos@jsotoslaw.com
jtimbo@jsotoslaw.com

Edward John Manzke
The Collins Law Firm
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595
ejmanzke@collinslaw.com

Robert P. Cummins
The Cummins Law Firm
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
(312) 578-0500
rpc@cummonscronin.com

/s/ Terrence J. Sheahan
Terrence J. Sheahan

1614931v1