# EXHIBIT A

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 5564 | **DATE** | June 10, 2008 |
| **CASE TITLE** | McComb v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [21] is granted. Plaintiff's amended complaint is hereby dismissed without prejudice. The Court grants plaintiff 21 days to file a second amended complaint.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff filed a boiler-plate amended complaint alleging various claims under 42 U.S.C. § 1983 against defendants the City of Chicago and four individual officers. Defendant City of Chicago moves to dismiss the complaint for failure to state a claim or, in the alternative, for more definite statement.

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, __ F.3d __, __, Case No. 07-2975, slip op. at 15 (7th Cir. May 27, 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

What plaintiff filed does not meet the new standard. Plaintiff filed a boiler-plate amended complaint that merely recites elements of causes of action. Quite literally, the *only* fact plaintiff alleges about the incident from which his claims arise is the date (March 29, 2006) upon which it occurred. This will not suffice. Nothing about the date suggests plaintiff has a right to relief that is more than mere speculation.

## STATEMENT

As for plaintiff's *Monell* claim, in plaintiff's amended complaint, he mentions a number of City of Chicago policies that may or may not have anything to do with plaintiff's claims. (The Court cannot tell because it is not clear what plaintiff alleges happened to him). The Court notes that the City of Chicago, no doubt, has a great many policies. What plaintiff must allege is the existence of a policy that has a connection to the constitutional violation he alleges. Extraneous policies will not help him state a claim.

Because plaintiff has filed a boiler-plate amended complaint that contains only a single fact about the event giving rise to his claims, the Court grants defendant's motion to dismiss. Plaintiff's amended complaint is hereby dismissed without prejudice. The Court grants plaintiff 21 days to file a second amended complaint.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SARKIS MOUMJI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 07-CV-5256 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| **OFFICER KONIOR #2351,** | ) |
| **OFFICER ACCARDO #3392,** | ) |
| **OFFICER KOLASKI #8017,** | ) |
| **OFFICER #8217, OFFICER #8221,** | ) |
| **OFFICER HOLMEN #732, and** | ) |
| **The CITY OF CHICAGO,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Sarkis Moumji has filed a 20-page amended complaint in this court against the City of Chicago ("the City") and six Chicago Police Officers: Officer Konior #2351, Officer Accardo #3392, Officer Kolaski #8017, Officer #8217, Officer #8221, and Officer Holmen #732. His amended complaint contains the following counts: (1) excessive force under 42 U.S.C. § 1983, (2) false arrest under § 1983, (3) false arrest under Illinois law, (4) battery under Illinois law, (5) malicious prosecution under Illinois law, (6) conspiracy under § 1983, (7) conspiracy under Illinois law, (8) violation of his right to equal protection of the laws as a class of one, (9) a claim against the City of Chicago under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), (10) a claim against the City under 745 Ill. Comp. Stat. 10/9-102, and (11) a *respondeat superior* claim against the City under Illinois law. The City has filed a motion to dismiss Moumji's amended complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) or in the alternative for a more

definite statement pursuant to Rule 12(e). For the following reasons, the City's motion to dismiss will be granted.

The facts as stated in the amended complaint are the following:

> 5. On or about July 6, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.
> 6. On or about July 6, 2007, PLAINTIFF did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.
> 7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure [of] the PLAINTIFF.
> 8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.
> 9. On July 6, 2007, PLAINTIFF had not committed any act contrary to the laws of the State of Illinois.
> 10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.
> 11. On or about July 6, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.
> 12. Upon information and belief, OFFICER WITH STAR NUMBER 2351, on July 6, 2007, came into physical contact with PLAINTIFF.
> 13. Upon information and belief, UNKNOWN OFFICERS, on July 6, 2007, came into physical contact with PLAINTIFF.

Amended complaint, at ¶¶ 5-13.

Moumji alleges a custom, practice or policy of the City and its police officers consisting of a litany of misconduct and omissions, including engaging in acts of false arrest, malicious prosecution, fabrication of evidence, misrepresentation of facts, significant intrusions to the body

2

of innocent citizens, excessive force, and/or serious acts of violence; covering up for the misconduct of fellow police officers; failure to discipline; failure to investigate complaints of misconduct, failure to take proper remedial action, failure to train, and a general "code of silence." Amended complaint, at ¶ 17a-o.

Moumji also includes eight pages of allegations in his amended complaint regarding misconduct on the part of officers of the Special Operations Section of the Chicago Police Department ("SOS officers"), inadequate oversight by the City's Office of Professional Standards ("the OPS"), misconduct of certain officers previously convicted of crimes in this court (Broderick Jones, Corey Flagg, and Eural Black), facts found by Judge Holderman regarding officers involved in the case of *Garcia v. City of Chicago*, 2003 U.S. Dist. LEXIS 16565 (N.D. Ill. Sept. 19, 2003), the City's abandonment of Brainmaker, a software program that was intended to predict misconduct among police officers, and miscellaneous facts regarding general lawlessness in the Chicago Police Department over the past three decades and the connection of that lawlessness to politics. Amended complaint, at 7-15.

## DISCUSSION

The City argues first that under *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007), and *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), Moumji's amended complaint fails to give notice of the facts that form a basis for his claims. It notes that the only facts Moumji has alleged are that on July 6, 2007, the defendant officers, "on information and belief," came into physical contact with him, and unreasonably arrested him. *See* amended complaint, at ¶¶ 12-13. Moumji does not respond to this argument in his response brief with respect to his non-*Monell* claims other than to request

3

leave to amend any aspect of his complaint that the court finds deficient. Response, at 8. He does, however, narrate facts that are not stated in his complaint, including details regarding the July 6, 2007 incident. Response, at 1.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As articulated by the court in *Concentra*, "[t]he Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra*, 496 F.3d 773, 776-77 (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14).

Moumji's allegations are insufficient. Alleging the date of an incident and that he came into physical contact with an officer cannot be enough to raise the possibility of his right to relief under any one of his eleven different legal theories above a speculative level. Those facts do not provide the defendants with enough information to answer the complaint or defend themselves.

4

Moumji's statement of facts in his response brief, however, shows that he knows of at least some additional facts that can be pled. The court will grant him leave to file a second amended complaint, and in that complaint he should plead the facts that he can readily provide and that will be helpful to expeditiously resolve this case. *See Concentra*, 496 F.3d at 780.

The City next argues that Moumji has not adequately pled a *Monell* claim because he has failed to define any particular custom, policy, or practice that allegedly caused the violation of his constitutional rights or any facts that would directly substantiate such a custom, policy, or practice. Additionally, it contends that the allegations of general lawlessness in the City and the Police Department are irrelevant and improper and should be stricken from the amended complaint.

Moumji concedes in his response brief that neither SOS officers, nor Officers Jones, Flagg, and Black, nor the officers involved in *Garcia* were involved in this case, and that his case does not involve similar facts to theirs. He is not claiming that OPS's involvement (or lack thereof) or the abandonment of the Brainmaker project caused the violation of his constitutional rights. Moumji argues instead that his general allegations are relevant as "examples" of police misconduct "that serve to perpetuate the code of silence" and that they "bolster and allege in detail" his *Monell* claim. See Response, at 5-6; Amended Complaint, at 9 n.1.[1]

---

[1] For example, regarding the SOS officers, Moumji states, "Defendant City argues that this is not an SOS case. See Motion at p. 9. The City, however, misinterprets Plaintiff's allegations. Plaintiff is not arguing that the officers involved in Plaintiff's arrest and prosecution were members of SOS; rather, Plaintiff alleges that allowing the SOS officers to remain on the street despite a pattern of misconduct complaints and criminal conduct has served to perpetuate the 'code of silence' practice within the Chicago Police Department thus causing the Defendant officers to believe that there would be little or no consequences for their misconduct toward Plaintiff. See Complaint at ¶ 19." Response, at 5.

5

To allege that a municipal policy has violated his rights under Section 1983, Moumji must allege that "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). In order to prevail on a *Monell* claim, "a plaintiff must ... demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

There is no heightened fact pleading requirement for *Monell* claims. *McCormick*, 230 F.3d at 323 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)). Instead, just like any other civil claim not included within the specific exceptions of Fed. R. Civ. P. 9(b), they are governed by Rule 8(a)(2)'s notice pleading mandate. *Marcavage v. City of Chicago*, 467 F. Supp. 2d 823, 828 (N.D. Ill. 2006). In *McCormick*, the court expressed approval of the practice of pleading a *Monell* claim using legal conclusions at least in part. *Id.* at 324-25. And some decisions in this district hold that legal conclusions can be sufficient by themselves to allege a *Monell* claim. *See, e.g., McNeal v. Cook County Sheriff's Dept.*, 282 F. Supp. 2d 865, 868-69 (N.D. Ill. 2003). Others, however, have required plaintiffs to allege at least some facts in order to allow the defendant and the court to understand the gravamen of the claim. *See, e.g, Allgood v. City of Chicago*, 2006 WL 2683302, at *6 (N.D. Ill. Sept. 18, 2006) ("Here, [plaintiff] fails to set forth any facts providing fair notice of any policy or practice that allegedly resulted in the deprivation

of his constitutional rights. Therefore, the Court dismisses [his *Monell* claim] without prejudice."); *accord Rodgers v. Allen*, 2006 WL 2037340, at *4 (N.D. Ill. July 14, 2006); *see also Mumm v. Wetter*, 2006 WL 163151, at *4 (N.D. Ill. Jan. 20, 2006) ("Although there is no heightened pleading standard for § 1983 claims, boilerplate allegations of a municipal policy, entirely lacking in any factual support that a policy does exist, are insufficient."); *Brown v. City of Chicago*, 2001 WL 1002484, at *3 (N.D. Ill. Aug. 30, 2001). Regardless of who had the better of the argument before *Bell Atlantic*, however, it is now clear that boilerplate allegations cannot alone be sufficient to allege a *Monell* claim. *Mendez v. Village of Tinley Park*, 2008 WL 427791, at *2 (N.D. Ill. Feb. 14, 2008) ("[A]lthough the federal rules provide for notice pleading, the facts pled must show that a *Monell* claim is 'plausible' and not merely 'speculative.'") (quoting *Bell Atlantic*, 127 S. Ct. at 1970-74).

Moumji's allegations of a general history of lawlessness, not involving the same police officers or similar factual circumstances to those involved in this case, cannot provide the requisite factual allegations to state his *Monell* claim. Those allegations are irrelevant because they lack the requisite direct causal link with Moumji's alleged injury. The contrary result would violate the rule that *Monell* liability cannot be allowed to collapse into *respondeat superior* liability. *See, e.g, Brown*, 520 U.S. at 415; *Carter v. Morris*, 164 F.2d 215, 218 (4th Cir. 1999). As the City's counsel points out, Moumji's attorney has demonstrated this by including identical *Monell* allegations in at least six other Section 1983 cases filed in this district against the City that allege different instances of police misconduct.[2]

---

[2] *Martin v. Quinn*, No. 07 C 4991, Dkt. No. 1 (N.D. Ill. Sep. 5, 2007) (Guzman, J.); *Farley v. Wilke*, No. 07 C 5254, Dkt. No. 1 (N.D. Ill. Sep. 17, 2007) (Gottschall, J.); *Chaparro v. Powell*, 07 C 5277, Dkt. No. 1 (N.D. Ill. Sept. 18, 2007) (Conlon, J.); *Safford v. Janik*, No. 07 C 5276, Dkt. No. 1 (N.D. Ill. Sep. 18, 2007) (Coar, J.); *Jones v. Unknown Officers*, No. 07 C 5279, Dkt. No. 1 (N.D. Ill. Sep.

7

In one of those cases, *Chaparro* v. *Powell*, 2008 WL 68683, at *3 (N.D. Ill. Jan. 8, 2008), Judge Conlon said,

> [Plaintiff's *Monell* claim] is deficient. The factual allegations fail to plausibly suggest a policy cognizable under *Monell*. The custom or policy underlying a *Monell* claim cannot be so amorphous that it effectively exposes a municipality to respondeat superior liability. [Plaintiff] relies on a purported "code of silence" based on numerous, tenuously related instances of police misconduct. But that misconduct is so multifarious that the allegations do not identify a discrete policy or custom. Under [plaintiff's] logic, any instance of police misconduct would be "caused" by the "code of silence," because any misconduct could be linked to an officer's imputed belief he could escape punishment. [Plaintiff's] *Monell* theory collapses into *respondeat superior*, an outcome explicitly forbidden by the Supreme Court.... Indeed, the injury [plaintiff] allegedly suffered is no more related to the "code of silence" than any other injury caused by any other kind of police misconduct.

*Chaparro*, 2008 WL 68683, at *3 (internal citation omitted); *cf. Craft* v. *Flagg*, 2008 WL 1883337, at *4 (N.D. Ill. Apr. 24, 2008) (involving similar allegations and the same plaintiff's attorney but distinguishing *Chaparro* because in *Craft*, the plaintiff did include specific allegations of previous complaints filed against the particular defendant officers involved).

## ORDER

The City's motion to dismiss Moumji's amended complaint [20] is granted. Moumji's amended complaint is dismissed without prejudice. Moumji is granted leave to file by July 3, 2008 a second amended complaint that is consistent with this order.

**Dated: June 9, 2008**               Enter: _/s/ Joan H. Lefkow_
                                              Joan H. Lefkow
                                              **United States District Judge**

---

18, 2007) (Norgle, J.); *McComb* v. *Unknown Officers*, No. 07 C 5564, Dkt. No. 1 (N.D. Ill. Oct. 2, 2007) (Marovich, J.). As of June 4, 2008, *Chaparro*, discussed below, was the only other one of these seven cases in which a written opinion had issued on a motion to dismiss a *Monell* claim.