UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD R. FURSTENAU,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CITY OF NAPERVILLE**, a municipal ) <br> corporation; **MICHAEL HULL,** ) <br> in his individual and official capacity; ) <br> **DAVID DIAL,** in his individual and official ) <br> capacity; **MICHAEL CROSS**, in his ) <br> individual and official capacity; ) <br> **PETER BURCHARD**, in his individual ) <br> and official capacity; **MARGO L. ELY,** ) <br> in her individual and official capacity; ) <br> and **JOE MATCHETT**, in his individual ) <br> and official capacity, ) <br> ) <br> Defendants. ) | No. 07 C 6143 <br><br> The Honorable Charles R. Norgle <br><br> Magistrate Judge Geraldine Soat Brown <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS ADDITIONAL OPPOSITION TO MOTION TO DISMISS OF CITY OF NAPERVILLE

On September 12, 2008, this Court granted the City of Naperville's Motion for Leave to Supplement Its Motion to Dismiss Plaintiff's Third Amended Complaint with Additional Authority, which asserted that two 2008 decisions of the courts of the Northern District of Illinois supported the City's previously-filed motion to dismiss.

As set forth in Plaintiff's "Additional Opposition to Motion to Dismiss of City of Naperville" (attached as Exhibit A), however, these two cases do not support the dismissal of Furstenau's claims against the City.

WHEREFORE, Plaintiff respectfully requests that this Court grant him leave to file the attached Additional Opposition to Motion to Dismiss of City of Naperville.

Dated: September 19, 2008

Respectfully submitted,
**RICHARD R. FURSTENAU**

By: <u>s/ Shawn M. Collins</u>
One of the Plaintiff's Attorneys

Shawn M. Collins
Edward J. Manzke
John A. Sopuch III
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

Robert P. Cummins, Esq.
THE CUMMINS LAW FIRM
77 W. Wacker Drive
Suite 4800
Chicago, Illinois 60601
(312) 578-0500

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD R. FURSTENAU, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF NAPERVILLE, a municipal )<br>corporation; **MICHAEL HULL**, )<br>in his individual and official capacity; )<br>**DAVID DIAL**, in his individual and official )<br>capacity; **MICHAEL CROSS**, in his )<br>individual and official capacity; )<br>**PETER BURCHARD**, in his individual )<br>and official capacity; **MARGO L. ELY**, )<br>in her individual and official capacity; )<br>and **JOE MATCHETT**, in his individual )<br>and official capacity, )<br>)<br>       Defendants. ) | No. 07 C 6143<br><br>The Honorable Charles R. Norgle<br><br>Magistrate Judge Geraldine Soat Brown<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ADDITIONAL OPPOSITION
## TO MOTION TO DISMISS OF CITY OF NAPERVILLE

The two additional cases cited to this Court by the City—*McComb v. City of Chicago* and *Moumji v. Officer Konior, et al.* on pp. 2-3 of the City's brief in support of its Motion to Supplement--do not furnish a reason to dismiss Plaintiff Furstenau's allegations against the City, because:

(1) While the City invokes these two cases to demand of Furstenau more detail in his complaint's allegations, this demand is directly contrary to this Court's previous direction to Furstenau. In its Order dated January 29, 2008, this Court denied (without prejudice) Furstenau leave to file a detailed, second amended complaint, directing Furstenau instead, under Fed. R. Civ. P. 8(a)(2), to file a new complaint alleging "no more than 'the bare minimum facts necessary to put defendant on notice of the claim so that he can file an answer'". (*See* Docket

EXHIBIT A

No. 41, Order dated January 29, 2008, citing *Brown v. Budz*, 398 F.3d 904 (7th Cir. 2005)). With the Third Amended Complaint, Furstenau plainly has satisfied the Court's Order, and the City does not (and cannot) suggest that it is insufficiently notified of the allegations against it, or unable to file an answer.

(2) As Furstenau's "false arrest" case is clearly not complex, and discovery thereof is virtually complete (i.e., to be completed by September 30, by Order of Magistrate Brown), there is no reason for the application here of *McComb* and *Moumji*.[1] Each of these cases relies explicitly on the Supreme Court's decision in *Bell Atlantic*, which, as explained recently by the Seventh Circuit, stands for the straightforward proposition that, in a complex case (*Bell Atlantic* was an antitrust case), the trial court should demand more detailed allegations of the plaintiff as a safeguard against the parties unnecessarily engaging in expensive discovery and motion practice. *See Limestone Development Corp. v. Village of Lemont, Ill.* 520 F.3d 797, 803-05 (7th Cir. 2008) (finding that "*Bell Atlantic* must not be overread" as the concern the Supreme Court was focused on in *Bell Atlantic* was avoiding extensive pretrial discovery in complex cases based on threadbare allegations).

The City makes no argument that this is a case of antitrust-like complexity, and clearly it is not. Moreover, discovery in the "false arrest" aspect of the case will be complete in a matter of days. Thus, not only does the rationale of *McComb* and *Moumji* no longer apply--if it ever did--but Fursteanu has already identified to the City its specific "policy, custom or practice" that caused Furstenau's Constitutional injury. If the City wishes to challenge the sufficiency of that evidence, the Federal Rules afford it the chance to do so, i.e., through a summary judgment motion and a defense at trial.

---

[1] Pursuant to Magistrate Brown's Order, the parties have been directed to first complete discovery of Furstneau's allegations of "false arrest." Discovery of Furstenau's "retaliation" allegations would commence upon further order of Magistrate Brown.

(3) The City offers no explanation as to why *McComb* and *Moumji* should render inapplicable the on-point decisions of the Supreme Court and Seventh Circuit, among others, which plainly state that no more detailed pleading is required of a §1983 plaintiff like Furstenau than of any other plaintiff in the federal court system. *See Leatherman v. Tarrant County Narcotics Intell. & Coord. Unit*, 507 U.S. 163 (1993) (finding that § 1983 *Monell* claims are not subject to "heightened pleadings standards"); *see also* Plaintiff's Response to Defendant's Motion to Dismiss, Docket No. 62, at pp. 3-4, 5.

WHEREFORE, Plaintiff respectfully requests that, in light of Plaintiff's previous opposition brief and the above additional opposition, the Motion to Dismiss of the City of Naperville be denied in its entirety.

Dated: September 19, 2008

Respectfully submitted,
**RICHARD R. FURSTENAU**

By:   s/ Shawn M. Collins
      One of the Plaintiff's Attorneys

Shawn M. Collins
Edward J. Manzke
John A. Sopuch III
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

Robert P. Cummins, Esq.
THE CUMMINS LAW FIRM
77 W. Wacker Drive
Suite 4800
Chicago, Illinois 60601
(312) 578-0500

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Plaintiff's Motion for Leave to File its Additional Opposition to Motion to Dismiss of City of Naperville* was electronically served on all counsel of record as a result of the CM/ECF filing of this document on September 19, 2008.

By:   s/ Shawn M. Collins

Shawn M. Collins
Edward J. Manzke
John A. Sopuch III
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

Robert P. Cummins, Esq.
THE CUMMINS LAW FIRM
77 W. Wacker Drive
Suite 4800
Chicago, Illinois 60601
(312) 578-0500